Lieghley, J.
. At the August 1916 primaries, defendant in error,. Slusser, was a candidate, with others, for the office of probate judge of Summit county. He received the highest number of votes and was declared to be the nominee.
Subsequently, and -within the required time, he ■filed his statement of expenditures with the Deputy State Supervisors- of Elections, showing an outlay of $746.47.
His name, with others, appeared upon the ballot used by the -voters at the November 1916 election, as a candidate for probate judge. At said election he received the highest number of votes. Subsequent to the election, but not within the required time, he filed with the Board of Elections his verified statement of expenses of said election, showing an additional outlay of $251.09. Thereupon -the Board of Elections declared him elected probate judge and issued to him a certificate of election. From this action of the board the plaintiff in error, as oontestor, under favor of Sections 5148 to 5153, General Code, perfected an appeal -to the common pleas court, with the object of contesting the election of defendant in error, the contestee, upon the claim that the amounts expended by said contestee are, under Section 5175-29, General Code,- in excess of the amount allowed by law to be expended for 'the purpose of promoting and securing his election as probate judge.
*119 The' trial of the appeal in the common pleas court resulted in a dismissal thereof, from which judgment of dismissal error is prosecuted to this court.
It is claimed hy the contestor that the court below erred in the following particulars:
1. In sustaining the claim of contestee that the ■expenditure of said sums was not a violation of Section 5175-29, General Code.
2. That under the provisions of the act itself a judgment to the effect that his election was invalidated could only be predicated upon a prior conviction under Section 13323-1, General Code.
Section 26 of the corrupt practice act (Section 5175-26, General Code), clearly has for its purpose the enumeration of the various things for which money may be expended by a candidate, directly or indirectly, in promoting his candidacy. Section 29 of the act (Section 5175-29, General Code), by its express terms, refers to Section 26, and clearly has for its purpose the limitation of the amount which may be expended by a candidate directly or indirectly upon the matters and things enumerated in Section 26. Said Section 29 reads as follows: *120 for governor, the sum of five thousand dollars; ¡by a candidate for other state elective offices the sum of two thousand five hundred dollars; by a candidate for the office of representative in congress or presidential elector, judge of the court of appeals, the sum of two thousand dollars; by a candidate for the office of state senator, the sum of three hundred dollars in each county of his district; by a candidate for judge of common pleas, probate or insolvency court, the sum of five hundred dollars; by a candidate for the officé of state representative the sum of three hundred and fifty dollars; by a candidate for any other public office to be voted for by the qualified electors of a county, city, town or village, or any part thereof, if the total number of votes cast therein for all candidates for the office of governor at the last preceding state election, shall be five thousand or less, the sum of "three hundred .dollars. If the total number of votes cast therein at such last preceding state election be in excess of five thousand, the sum of five dollars for each one hundred in excess of such number may be added to the amounts above specified. Any candidate for a public office who shall expend for the purpose above mentioned an amount in excess of the amounts herein specified shall be guilty of a corrupt practice.”
*119 “The total amount expended by a candidate for a public office, voted for at an election, by the qualified electors of .the state, or any political subdivision thereof, for any of the purposes specified in section 26 of this act, for contributions to political committees, as that term is defined in section 1 of this act, or for any purposes tending in any way, directly or indirectly, to promote or aid in securing his nomination and election, shall not' exceed the amount specified herein; by a candidate
*120 Certain public offices, state, district and county, are specifically mentioned, and a limitation of the sum of money that may be expended by any candidate therefor 'placed opposite each. It is claimed, however, that, although the sum fixed for a candidate for the office of probate judge is $500, the provision permitting the expenditure of $5 per each *121 100 votes in excess of a total vote of 5,000 at the last preceding state election is supplementary to the specific provision. After offices and amounts are named, it will be noticed that the section reads all candidates “for any other public office to be voted for by the qualified electors of a county, city, town or village,” etc. This language can convey no other meaning than it would if it carried after the word “other” the words “than those above mentioned.”
Next it is claimed that the next to the last sentence of the section beginning with the word “if,” in view of the fact that' the word “amounts” is used, indicates that the intention of the legislature was to permit the sum of $5 per each hundred votes in excess of 5,000 to be expended for election purposes over and • above the sums specifically named. If this claimed construction is right, necessarily the sentence qualifies the entire preceding sentence. That method of calculating would permit a candidate for governor to expend about $37,000; a candidate for this court over $10,000; a candidate for secretary of state, a two-year term, about $35,000, which is several times his salary for the term; and a candidate for common pleas judge in Cuyahoga county over $6,000. Can it be possible that 'the legislature intended to put such sinews of war in the hands of a nonpartisan judiciary for the purposes of political strife, which would necessarily attend the expenditure of such sums by the various candidates for judge? We think that this construction is in conflict with the apparent intention of the legislature in enacting the corrupt practice act, viewed with reference to *122 the trend of public sentiment of late years, which eventuated in the enactment of the nonpartisan judiciary laws.
We think the sentence of Section 29 last above referred to qualifies only the language after the last semicolon and applies only to those offices and the amounts that may be expended by candidates for those offices which have not been specifically mentioned and opposite which no specific amount has been fixed by the legislature in the act. In short, we think that by law the contestee was obliged to confine his expenditures at or below the sum of $500.
The act was upon the statute books at all times while contestee promoted 'his candidacy. It was then the law of the state and he was obliged to observe its provisions. His attention was expressly called to the act a short time after the primaries. He then prepared a brief and mailed a copy to the voters, seeking to justify the violation. Can he be permitted to take advantage of his own wrong? He then proceeded to expend a further sum at the election in the promotion and furtherance of his candidacy. We regard the expenditure of the total sum of over $1,000 at the election before mentioned as constituting a violation of the corrupt practice act.
It is urged, however, that even though the expenditure of this sum amounts to a violation of the corrupt practice act, it does not work an invalidation of his election, for the reason that Section 29, which he violated, does not expressly provide that a violation of it invalidates the election; that *123 Section 26 alone provides for invalidation of the election for a violation of its provisions.
It will be observed that Section 29 of the act expressly refers to Section 26. Section 26 enumerates for what money may be spent. Section 29, expressly referring to Section 26, provides how much may be spent. Section 29 must be read with reference to Section 26. And one who admits spending a sum in excess of the amount permitted under Section 29 for the purposes expressed in Section 26, is guilty of corrupt practice, and under the provisions of Section 26 invalidates his election.
It is further urged that proceedings must be had under Section 13323-1, General Code, resulting in conviction of corrupt practice, as a condition precedent to the invalidation of the election therefor. We think that all claims made in respect to this assignment of error are completely answered in the case of Prentiss v. Ditmer, 93 Ohio St., 314, at page 323, et seq.
This section, now a part of the criminal code, was in fact Section 32 of the corrupt practice act, and as stated in the opinion in Prentiss v. Ditmer, supra, the legislature evidently intended to provide two distinct remedies. • If a candidate violates Section 29 in and about the promotion and furtherance of his candidacy and election, he thereby invalidates 'his election, and the remedy is a contest of the election, the proceedings had in the instant case. In this case it is admitted that over $1,000 was spent, and we hold that that expenditure amounted to a corrupt practice on the part of the contestee; that the same invalidated his election; that he was not and is not the duly elected probate *124 judge of Summit county, Ohio; and that under the circumstances in this cáse no prior conviction is necessary as a condition precedent to a judgment of invalidation of the election.
For the reasons given, it is held that said election is invalid; that said eontestee, Lewis D. Slusser, has no right and title to the office of probate judge; and a judgment of ouster is hereby entered.

Judgment reversed, and judgment of ouster.

Grant and Carpenter, JJ., concur.